**FILED**
**APRIL 27, 2010**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BOBBY JOE JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-085 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO DENY
# PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person in State Custody. According to the Offender Information Detail website maintained by the Texas Department of Criminal Justice (TDCJ), petitioner is presently incarcerated pursuant to several 1994 convictions for robbery out of Harris and Galveston Counties in Texas and one 1994 conviction for aggravated robbery out of Harris County, Texas. Based on petitioner's habeas corpus petition, it appears petitioner was found guilty in November 2009 (disciplinary cause # 20100062333) of threatening an officer and refusing to obey an order. The disciplinary proceedings took place at the Neal Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner remained incarcerated in the Neal Unit. Petitioner represents that he lost 365 days of good-time credits, a reduction in line-class status, and 45 days of commissary, cell, and recreational restrictions as a result of the disciplinary proceedings. Both petitioner's step 1 and step 2 grievances were unsuccessful.

I.

PETITIONER'S ALLEGATIONS

Petitioner appears to argue:

1. The false disciplinary charges were brought against petitioner in retaliation for his I-60 communication with the warden regarding the difficulties petitioner was having with the law library supervisor.

2. The charges were not supported by any evidence other than the allegations brought by the charging officer and petitioner presented "overwhelming exculpatory evidence."

3. There is no evidence of petitioner's guilt.

Petitioner requests his class earning status and good-time credits be restored and that an injunction be issued against the charging officer.

II.
DISCIPLINARY PROCEEDINGS

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner acknowledges his conviction contained a deadly weapon finding and that he is not eligible for mandatory supervised release (msr). The TDCJ Offender Information Detail indicates petitioner's maximum sentence date is the same as his projected release date, further confirming petitioner is not eligible for msr, presumably because of his conviction for aggravated robbery. *See* Tex. Gov't Code § 508.149(a)(12). While petitioner may have lost good time in his disciplinary proceeding, petitioner is **not** eligible for msr. Because petitioner is not eligible for such release, this Court is unable to entertain the instant habeas corpus petition. *See Malchi*, 211 F.3d at 958.

III.
RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner BOBBY JOE JONES be DENIED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of April, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).